# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 24, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KIMBERLY WIRTZ, | * | No. 20-1103V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Insufficient Proof; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Shoulder Injury Related |
| | * | to Vaccine Administration ("SIRVA") |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DISMISSAL**[1]

On August 31, 2020, Kimberly Wirtz ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine on October 31, 2018. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

On February 22, 2023, Petitioner filed a motion for a decision dismissing her petition. ECF No. 31. In her motion, Petitioner noted the procedural history of her claim and stated that "[f]ollowing discussions with potential experts, medical records, and [a] review of the Chief Special Master's ruling [dismissing Petitioner's Table SIRVA claim]," she has been "unable to retain an expert to support her case." *See id.* at 1–2. She continued, "[i]n these circumstances, to

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proceed further would be unreasonable, and would waste the resources of this Court, Respondent, and the Vaccine Program." *Id.* at 2.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that Petitioner suffered a "Table Injury" for SIRVA as defined by the Vaccine Injury Table's Qualifications and Aids to Interpretation ("QAI"). 42 C.F.R. §§ 100.3(a), 100.3(c)(10). Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused-in-fact by the flu vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim by preponderant evidence, and at this time, Petitioner has not filed a supportive opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.