# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### Filed: January 25, 2024

```
*  *  *  *  *  *  *  *  *  *  *  *  *   *
KIMBERLY WIRTZ                          *
                                       *        No. 20-1103V
                                       *        Special Master Sanders
                                       *
              Petitioner,              *
                                       *        UNPUBLISHED
v.                                     *
                                       *
SECRETARY OF HEALTH                    *        Attorneys' Fees and Costs
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
*  *  *  *  *  *  *  *  *  *  *  *  *   *
```

*Amy Senerth,* Muller Brazil, LLP, Dresher, PA, TN, for Petitioner;
*Meghan Murphy*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 31, 2020, Kimberly Wirtz ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") following receipt of an influenza ("flu") vaccine on October 31, 2018. Pet. at 1 (ECF No. 1). On February 22, 2023, petitioner filed a motion to dismiss

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

and on February 24, 2023, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 32).

On May 25, 2023, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 37). Petitioner requests total attorneys' fees and costs in the amount of $14,553.60, representing $14,153.60 in attorneys' fees and $400.00 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, counsel for Petitioner indicates that she has not personally incurred any costs in pursuit of her claim. *Id.* Respondent responded to the motion on June 8, 2023, stating that Respondent "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" Resp't's Resp. at 2 (ECF No. 38). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, the undersigned is satisfied that the standards for good faith and reasonable basis have been met in the instant case. Respondent has also chosen not to offer any argument against the good faith and reasonable basis of the claim. Respondent's position greatly contributes to the finding of reasonable basis. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates for the work of her counsel: for Ms. Amy Senerth, the rate of $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, $325.00 per hour for work performed in 2022 and the rate of $375.00 per hour for work performed in 2023; for Mr. Maximillian Muller, the rate of $325.00 per hour for work performed in 2019 and the rate of $350.00 per hour for work performed in 2020 and for Mr. Paul Brazil, the rate of $350.00 per hour for work performed in 2021. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b.   Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $14,153.60.

### c.   Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request a total of $400.00 in attorneys' costs to file the petition. Petitioner has provided adequate

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

documentation of all these expenses, and they appear reasonable in the undersigned's experience. Accordingly, Petitioner is awarded the full amount of costs sought.

### II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $14,153.60 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$14,153.60** |
| | |
| Attorneys' Costs Requested | $400.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$400.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$14,553.60** |

**Accordingly, the undersigned awards a lump sum in the amount of $14,553.60 representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her counsel, Ms. Amy Senerth.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.